■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY MONROE, Appellant. [620 NYS2d 390] —Judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered March 4, 1992, convicting defendant, after jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to an indeterminate term of imprisonment of from 15 years to life, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

On the second day of trial, defendant suffered an epileptic

seizure and could not be produced in court. The following day was a Friday and defendant, who is a Muslim, declined to appear at trial. After the court apologized for the delay and dismissed the jury, Juror Number 8 expressed her impatience at the delay and was directed not to draw any inference from defendant's absence. She responded, "I personally feel I can't help but draw inferences from it. It's not one day of emergency, it's two days. It makes no sense." Defense counsel asked if a motion to replace the juror would be appropriate and was told that it would be premature.

The following Monday, the court questioned the juror concerning her feelings. The juror replied, "I thought about it. I am still angry about it." She further stated, "Although I am angry, I don't think it would effect *[sic]* my ability. I certainly have cooled off a lot." The court noted its empathy with the juror's frustration over the delay and suggested that "you don't have enough evidence to indicate to be angry at the defendant." Defense counsel thereupon requested she be replaced by an alternate juror, which application was denied.

The procedure to be followed in circumstances such as this is set forth in CPL 270.35. It was interpreted by the Court of Appeals in *People v Rodriguez* (71 NY2d 214, 220) as follows: "where, during the course of a trial, the court learns that a juror is racially or otherwise invidiously biased against the defendant due to an incident occurring after voir dire, the juror must be discharged as 'grossly unqualified' unless (1) the trial court makes a determination on the record, following a probing and tactful inquiry with the juror, that the juror can render an impartial verdict according to the evidence and that her verdict will not be influenced by such bias; and (2) the trial court's determination is supported in the record by the juror's answers to the court's questions including unequivocal assurance from the juror that he or she will decide the case solely on the evidence and free from any effect of the bias." We regard neither the inquiry conducted by the court nor the juror's response as sufficient to meet this standard and conclude that an alternate juror should have been substituted. The court's examination was conciliatory rather than probing, and the juror's concession was hardly unequivocal.

In view of this disposition, we do not reach defendant's other contentions. Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.